**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LINDA M. WHITE,

        Plaintiff,           CIVIL ACTION NO. 06-CV-13999-DT

  VS.                           DISTRICT JUDGE ANNA DIGGS TAYLOR

DETROIT, CITY OF,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                              /

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
## AND
## GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

Before the Court are two discovery motions filed by the Plaintiff. The first is Plaintiff's Motion for Entry of Default Judgment for Failure to Comply with the Opinion and Order Granting Plaintiff's Motion to Enforce Court Order, For Sanctions and to Compel Entered October 4, 2007. (Docket no. 19). The second motion is Plaintiff's Motion to Compel Depositions of Robert Dunlap, Emma Bully-Cummings, George Hall, Ralph Godbee and Ronald Haddad Pursuant to Rule 37. (Docket no. 21). Defendants failed to file Responses to both motions. The Court heard argument from counsel on December 3, 2007. Attorneys Joel Sklar and Valerie A. Colbert-Osamuede appeared respectively for Plaintiff and for Defendants. These matters have been referred to the undersigned for decision. (Docket nos. 20, 22). They are now ready for ruling.

This is a civil rights action filed by a former police officer of the City of Detroit against the City of Detroit and the Detroit Police Department. Plaintiff earlier filed a Motion to Compel Defendants to answer her First Request for Production of Documents which was served on April 19, 2007. (Docket no. 8). This Court entered a Stipulated Order which required Defendants to provide full and complete responses to Plaintiff's First Request for Production of Documents and Things within 14 days of the

date of entry of the Order. (Docket no. 12). The Order was entered on July 30, 2007 which made the answers due on August 13, 2007. Defendants failed to comply with that Order.

This Court ordered on October 4, 2007 "that on or before October 10, 2007 Defendants will serve on Plaintiff's Counsel full and complete answers and responses to each and every discovery request now pending including Plaintiff's First Request for Production of Documents served on 4/19/07, Plaintiff's First Interrogatories and Second Request for Production of Documents served on 7/5/07, and Plaintiff's Second Set of Interrogatories and Third Request for Production of Documents served on 7/10/07. No objections or incomplete responses are allowed." (Docket no. 18). This Court further warned Defendants that "further violations of court orders may result in sanctions and/or the granting of default judgment." (*Id.*).

On October 15, 2007, when Plaintiff's counsel had not received any additional discovery responses or answers from Defendants he filed this Motion for Default Judgment. Between that date and November 28, 2007, the day that Plaintiff filed her Statement of Resolved/Unresolved Issues, Defendants had served responses and answers to all of Plaintiff's outstanding discovery requests. However, Plaintiff's counsel contends that the responses and answers he received were untimely served, failed to comply with the orders of this Court, and failed to comply with Fed. R. Civ. P. 33 which requires that interrogatory answers be made under oath. Plaintiff seeks a default judgment on the issue of liability under Fed. R. Civ. P. 37(b)(2)(C) and sanctions in the form of all reasonable expenses and attorney's fees caused by Defendants' failure to obey court orders. (Docket no. 19 at 10).

Plaintiff has also filed a Motion to Compel the depositions of Robert Dunlap, Emma Bully-Cummings, George Hall, Ralph Godbee, and Ronald Haddad pursuant to Fed. R. Civ. P. 37. The parties have been unable to agree on dates and times for these depositions.

1. *Depositions of Emma Bully-Cummings, Robert Dunlap, George Hall, Ralph Godbee, and Ronald Haddad*

During the December 3 hearing, the Court discussed with the parties possible deposition dates for these persons. Defendants could not at that time provide specific dates for the Detroit Chief of Police Emma Bully-Cummings or for the two retired city employees, Hall and Haddad. Possible dates for the deposition of Dunlap are December 17 or 19, 2007. Possible dates for Godbee are the morning of December 20, 2007 and January 7, 8, 9, 11, and 14 through 18, 2008. Pursuant to Fed. R. Civ. P. 37, the Court will order that Plaintiff immediately notice the depositions of Dunlap and Godbee for a time on their available dates set forth above. Defendants will provide Plaintiff's counsel on or before December 7, 2007 the last known addresses of the retired city employees, Hall and Haddad, so that Plaintiff may schedule those depositions. Finally, Defendants will provide to Plaintiff's counsel on or before December 7, 2007 possible dates for the deposition of Chief Emma Bully-Cummings in January 2008. Plaintiff's counsel will properly notice the Chief's deposition. These depositions are to proceed on the dates for which they are noticed and may not be delayed without the written consent of opposing counsel. Plaintiff's Motion to Compel these depositions will therefore be granted to this extent.

2. *Motion for Default Judgment or Other Sanctions*

Rule 37(b)(2), Fed. R. Civ. P., provides that if a party fails to obey an order to provide discovery, the Court may take several actions ranging from the payment of reasonable expenses to default judgment. In determining the appropriate sanction under Rule 37, the Court considers such factors as whether the failure was due to willfulness, bad faith or fault, whether the adversary was prejudiced, whether the court warned the party that the sanction might be imposed, and whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

Defendants failed to comply with this Court's October 4, 2007 Order by not serving its answers and responses to the outstanding discovery by October 10, 2007.[1] In addition, the untimely served responses and answers contain objections or are not complete, in violation of this Court's October 4 Order.[2] Finally, Defendant's answers to interrogatories violate Fed. R. Civ. P. 33(b)(1) and are not complete because they are not made under oath.[3] The Court finds that Defendants' failure to follow this Court's orders is willful. Plaintiff has been prejudiced by not being able to complete discovery before the discovery cut-off date which was October 29, 2007. (Docket no. 13). Defendants were warned in this Court's October 4, 2007 Order that "further violations of court orders may result in sanctions and/or the granting of default judgment." (Docket no. 18).

After considering the appropriate factors under Rule 37, the Court determines that Defendants should be sanctioned for their failures to follow this Court's Order. The most drastic sanction available is dismissal of the action or the granting of a default judgment. *See Freeland*, 103 F.3d at 1277. This sanction should only be imposed after the court finds a "clear record of delay or contumacious conduct." (*Id.*). Certainly, Defendants have not complied with this Court's orders or the Federal Rules of Civil Procedure during the discovery period of this action. Yet, Defendants have served responses and answers to all of the discovery requests served by Plaintiff, although many responses and answers are deficient. Therefore, the Court will not recommend that a default judgment be entered. The Court

---

[1] Defendant's Supplemental Response to Plaintiff's First Request For Production of Documents was served on or about October 12, 2007. (Docket no. 24, ex. D). Defendant's Answer to Plaintiff's Second Set of Interrogatories and Third Request for Production of Documents was served on or about October 16, 2007. (*Id.*). Defendant's Answer to Plaintiff's First Interrogatories and Second Request for Production of Documents was served on or about October 22, 2007. (*Id.*).

[2] By way of example, Defendant's Answer to Plaintiff's First Interrogatories and Second Request for Production of Documents contains objections to Request Nos. 6, 7, 11, and 13. (Docket no. 24, ex. D).

[3] By way of example, Defendant's Answer to Plaintiff's Second Set of Interrogatories and Third Request for Production of Documents is not made under oath. (Docket no. 24, ex. D).

will, however, order that Defendants supplement their discovery answers and responses and impose monetary sanctions.  Plaintiff's counsel will file a Bill of Costs  detailing Plaintiff's reasonable and necessary expenses in filing this Motion for Default Judgment.  Defendants may respond to this Bill of Costs.  The Court will then determine the proper amount of sanctions to be imposed on Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Depositions (docket no. 21) is **GRANTED** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment or other sanctions (docket no. 19) is **GRANTED IN PART** to the extent that sanctions will be imposed on Defendants in the form of the reasonable and necessary expenses of Plaintiff in filing this Motion for Default Judgment.  Plaintiff's counsel will file a Bill of Costs detailing these expenses on or before Friday, December 7, 2007.  Defendants may respond on or before Friday, December 14, 2007.

**IT IS FURTHER ORDERED** that Defendants supplement their discovery responses and answers to the following requests on or before December 14, 2007 with full and complete responses without any objections: (1) Plaintiff's First Request for Production of Documents and Things, Request Nos. 5, 8, 16, 18, 22, 25, 27-34, 35 (limited to January 1, 2000 to present), 51 and 52; (2) Defendant's Supplemental Response to Plaintiff's First Request for Production of Documents, Request Nos. 25 and 35 (limited to January 1, 2000 to present); (3) Plaintiff's Second Set of Interrogatories and Third Request for Production of Documents, Request No. 2; and (4) Defendant's Answer to Plaintiff's First Interrogatories and Second Request for Production of Documents, Request Nos. 6, 7, and 11.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 05, 2007			s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: December 05, 2007			s/ Lisa C. Bartlett
						Courtroom Deputy