# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LINDA M. WHITE,**

        Plaintiff,            CIVIL ACTION NO. 06-CV-13999-DT

  vs.

                                DISTRICT JUDGE ANNA DIGGS TAYLOR

**CITY OF DETROIT,**           MAGISTRATE JUDGE MONA K. MAJZOUB
**et al.,**

        Defendants.
_____/

## OPINION AND ORDER DETERMINING PLAINTIFF'S REASONABLE EXPENSES

This matter comes before the Court on Plaintiff's Bill of Costs filed on December 6, 2007. (Docket no. 27). Judgment has not yet been entered in this action, therefore this is a pretrial motion. This Court directed in its Order of December 5, 2007 (docket no. 26) that Plaintiff submit her Bill of Costs for the reasonable expenses including attorney's fees associated with Plaintiff's Motion for Default Judgment filed on October 15, 2007 (docket no. 19). In this Court's December 5, 2007 Order Defendants were notified that they could respond to Plaintiff's Bill of Costs by December 14, 2007. However, Defendants did not file a Response.[1] The Court dispenses with oral argument. E.D. Mich. LR 7.1(e). This matter is therefore now ready for ruling.

In this Court's December 5, 2007 Order sanctions were awarded to Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2) which allows for the taxation of reasonable expenses, including attorney's fees, caused by the failure of a party to obey a court order. (Docket no. 26). Plaintiff's Bill of Costs

---

[1] On December 14, 2007 Defendants filed an Objection to this Court's December 5, 2007 Order. (Docket no. 29). In that Objection Defendants simply state that Plaintiff's amount of costs is extreme.

-1-

details the time that counsel spent in connection with the Motion for Default Judgment. The total time reflected is 7.25 hours at an hourly rate of $250 for a total of $1,812.50. To that amount is added paralegal costs of $67.38 for a grand total of $1,879.88.

The "lodestar" figure (the reasonable hourly rate times reasonable hours expended) is presumed to be the reasonable attorney's fee in this case. *See Miller v. Alldata Corp.*, 14 Fed. App'x 457, 468 (6th Cir. 2001). In addition, a court considers the following factors when calculating the reasonableness of attorney's fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. (*Id.*).

The Court finds that the $250 hourly rate is reasonable. A review of the Court's records shows that Mr. Sklar is an attorney who regularly represents clients in this Court since 1991. Although the Court did not grant a default judgment, the Court did find that Defendants failed to obey a discovery order. Considering the complexity and scope of the Motion for Default Judgment, a reasonable amount of hours expended on it is four hours. Therefore, the amount of reasonable expenses incurred in connection with Plaintiff's Motion for Default Judgment is $1,000.00. Defendants will therefore be sanctioned $1,000.00 for their discovery abuses in this action.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded reasonable expenses in the amount of $1,000.00 pursuant to Fed. R. Civ. P. 37(b)(2) which Defendants shall remit to Plaintiff's counsel on or before March 21, 2008.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 05, 2008                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 05, 2008                    s/ Lisa C. Bartlett
                                         Courtroom Deputy